General Electric Co. v. Guaranty Co.

a motion for judgment on the pleadings and that final judgment for the said defendant be entered from which an immediate right of appeal would lie.

*Vernon, Vernon & Wooten, P.A. by John H. Vernon III for James H. McAdams, d/b/a McAdams Masonry.*

*Brooks, Pierce, McLendon, Humphrey and Leonard by L. P. McLendon, Jr., and W. Daniel McGinn for USF&G.*

LAKE, Justice.

In all respects material to this appeal the facts in this case are the same as those in Case No. 111, *RGK, Inc. v. United States Fidelity & Guaranty Company, et al.,* decided this day. The cases were consolidated for argument in this Court and but one brief was filed by each party. The single question presented upon this appeal is the same as that presented in that case and, for the reasons there stated, the judgment of the Court of Appeals reversing the judgment of the Superior Court and remanding the matter for further proceedings is

Affirmed.

---

GENERAL ELECTRIC COMPANY v. UNITED STATES FIDELITY & GUARANTY COMPANY, CECIL'S, INC., AND FAIRWAY PROPERTIES, A LIMITED PARTNERSHIP

No. 113

(Filed 13 June 1977)

ON *certiorari* to the Court of Appeals to review its decision, reported in 31 N.C. App. 749, 230 S.E. 2d 702, reversing the judgment entered by *McLelland, J.,* at the 23 April 1976 Session of ALAMANCE, dismissing the action as to United States Fidelity & Guaranty Company on the grounds that the complaint failed to state a claim against that defendant upon which relief could be granted. The Superior Court ordered further that the motion of the said defendant for dismissal as to it be treated as a motion for judgment on the pleadings and that final judgment for the said defendant be entered from which an immediate right of appeal would lie.

*Vernon, Vernon & Wooten, P.A. by John H. Vernon III for General Electric Company.*

*Brooks, Pierce, McLendon, Humphrey and Leonard by L. P. McLendon, Jr., and W. Daniel McGinn for USF&G.*

LAKE, Justice.

In all respects material to this appeal the facts in this case are the same as those in Case No. 111, *RGK, Inc. v. United States Fidelity & Guaranty Company, et al.,* decided this day. The cases were consolidated for argument in this Court and but one brief was filed by each party. The single question presented upon this appeal is the same as that presented in that case and, for the reasons there stated, the judgment of the Court of Appeals reversing the judgment of the Superior Court and remanding the matter for further proceedings is

Affirmed.

———————

HENDERSON COUNTY AND LINCOLN K. ANDREWS v. FRANK OSTEEN (NOW DECEASED), HARLEY OSTEEN (IN HIS CAPACITY AS ADMINISTRATOR OF THE ESTATE OF FRANK OSTEEN), AND ELLIE O. CHEATWOOD, UFALA O. STEPP, HAZEL O. STEVENSON, BLANCHE O. KING, HARLEY OSTEEN, SYLVENE O. SPICKERMAN, GRETA O. ALLEN, JEAN O. HOLDEN, MITCHELL M. OSTEEN, CARL M. OSTEEN, MARTHA SUE O. BROWN, JAMES D. OSTEEN AND THELMA O. TAYLOR AS ALL THE HEIRS AT LAW OF FRANK OSTEEN, DECEASED

No. 61

(Filed 13 June 1977)

1. **Execution § 15; Taxation § 44— tax sale — attack on sale by motion in the cause — no bar of statute of limitations**

Defendants who properly filed a motion in the cause seeking to set aside a tax sale of property more than four years after the execution sale were not barred by G.S. 1-52(10) providing that the bringing of "an action . . . for the recovery of real property sold for nonpayment of taxes" is barred if not brought within three years, since the present case was not "an action" nor was it for "the recovery of real property," but was instead a motion in the cause for the removal of a cloud on the movant's title; nor were defendants barred by the one year limitation in G.S. 105-393 (now G.S. 105-377), since the motion in the cause was not an "action or proceeding . . . brought to